**In re INTERSTATE RESTAURANT SYSTEMS, INC. and Hospitality Restaurants, Inc., Debtors.**

**HOSPITALITY RESTAURANT SYSTEMS, INC. and Hospitality Restaurants, Inc., Plaintiffs,**

**v.**

**Stanley N. KLINE, Defendant.**

**Bankruptcy Nos. 82–01847–BKC–TCB, 82–1858–BKC–TCB.**
**Adv. No. 83–0604–BKC–TCB–A.**

United States Bankruptcy Court,
S.D. Florida.

July 25, 1983.

Stanley A. Beiley, Francis Carter, Miami, Fla., for plaintiffs.

Mark D. Blum, Miami, Fla., for defendant.

### ORDER TRANSFERRING ADVERSARY PROCEEDING

THOMAS C. BRITTON, Bankruptcy Judge.

The debtor (Hospitality) and a third party have sued the debtor's landlord seeking relief by mandatory injunction. In March, this court authorized the debtor to assume this lease, assign it to a vendee (Burger King) and sell its interest to the vendee for a substantial sum. The application was unopposed and the proposed terms and conditions of the sale were routinely approved by this court.

The purchase was conditioned upon the landlord approving certain plans for renovating the property. The landlord has refused his approval. Plaintiff alleges that the landlord's refusal is arbitrary and unreasonable and, therefore, seeks coercive relief.

The property is in Dallas. The defendant is in Dallas. The issues are controlled by Texas law. There is no connection between the issues presented here and any background information acquired by this court. Defendant seeks a transfer of the matter to Dallas.

It is plain, therefore, under the doctrine of forum non conveniens that the trial of this matter should be transferred to the Bankruptcy Court in Dallas. Wright & Miller, Cooper *Federal Practice and Procedure:* Civil § 3828. These principles govern the exercise of this court's discretion under 28 U.S.C. § 1475.

I am also convinced that the proper venue for this adversary proceeding, which is based on a claim arose after the commencement of the bankruptcy and arising from the operation of the debtor's business, was in Dallas rather than Miami. 28 U.S.C. § 1473(d). For this reason also, therefore, the case should be transferred.

Defendant's motion for transfer is, therefore, granted.

Defendant's motion to dismiss for lack of jurisdiction presents a closer question. I believe that I will better assist both the parties and my colleague in Dallas by deferring disposition of that motion to that court. There is some indication that defendant would consent to have the matter heard at home rather than in Florida. For that reason, this court abstains from consideration of the motion to dismiss.